CASE 10—INDICTMENT—DECEMBER 14.

# Hudgens vs. Commonwealth.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

On the trial of one indicted for an illegal escape from the penitentiary of the State, a certified copy of the judgment of the circuit court, sentencing the defendant to serve in the penitentiary, is competent to prove that he was legally in custody of the keeper of the penitentiary, without a transcript of the whole record of conviction. (1 *Stant. Rev. Stat., p.* 395; *Crim. Code, sec.* 287.)

J. MASON BROWN, for appellant, cited 1 *Leach Cr. Law,* 445; *Wharton's Am. Crim. Law,* 247; 1 *Greenleaf Ev.,* 375.

J. M. HARLAN, Attorney General, for the Commonwealth.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Defendant Hudgens was indicted, tried, and convicted, in the Franklin circuit court, for an unlawful escape from the State prison.

On the trial a copy of the judgment of conviction, by the McCracken circuit court, was offered in evidence by the prosecuting attorney, and objected to by defendant's attorney, but was admitted by the court; whether properly so admitted, is the most material question on this appeal.

By section 1, article 15, chapter 28 (1 *Stant. Rev. Stat.,* 395), it is provided, that " if a person convicted and confined in the penitentiary, by a judgment of a court, shall escape therefrom, he shall be punished by a further confinement in the penitentiary of not less than two nor more than six years."

The next section gives the Franklin circuit court jurisdiction of such offenses.

By section 287, Criminal Code, it is provided, that " where a judgment of death or confinement, either in the penitentiary or county jail, is pronounced, a *certified copy* thereof must be furnished, forthwith, to the sheriff, who shall, thereupon, execute it; and no other warrant or authority is necessary to its execution."

A copy of this judgment being thus made sufficient authority to the sheriff to deliver, and to the keeper of the penitentiary to receive, the convict, and sufficient to protect their custody as lawful, it seems to us it is sufficient evidence, on a trial for an escape from this custody, to show that the custody was lawful and by the judgment of court.

Nor can we perceive any danger to convicts from so regarding it; for, if the conviction was illegal, the law affords him remedy, by direct appeal to this court, to have it reversed; and, surely, the instincts of self-interest are all sufficient to prompt every one, illegally convicted, to appeal to this court for the exercise of its corrective powers.

Besides, to require the Commonwealth's attorney to procure an entire transcript of the record, from the various criminal courts, where the conviction may be had, would be introducing, by this court, a rule of great inconvenience and expense, not contemplated by the Legislature, and might, to a great extent, nullify the statute, without any sufficient or controlling reason therefor.

The Legislature has not made it the duty of the clerks of the several criminal courts, *ex-officio*, to furnish such transcripts, and has not furnished the Commonwealth's attorney the means to pay for such transcripts, nor, indeed, any compulsory process by which to obtain them; but, as it has provided that such copy of the judgment shall be furnished the sheriff, to be left with the keeper of the penitentiary, it must be presumed that this was intended as sufficient evidence of the conviction, in the first instance, to be used on the trial for an illegal escape; and the accessibility of such copies, and the convenience to the prosecuting attorney, greatly strengthens this presumption, whilst there is no serious cause of apprehended danger to the convict by the use of such copies alone.

This is the only question we have deemed of sufficient importance to elaborate.

Wherefore, the judgment is affirmed.

Hudgens vs. Commonwealth.

JUDGE ROBERTSON, DISSENTING FROM THE MAJORITY OF THE COURT, DELIVERED THE FOLLOWING OPINION:

For my reluctant non-concurrence in the opinion just delivered, I must suggest the following very general reasons:

On an indictment charging that the appellant had been convicted " by a circuit court" of felony, and that, while he was confined in the penitentiary, under that sentence, he unlawfully escaped therefrom before the expiration of the prescribed term, he was convicted of the charge and sentenced to further punishment as denounced by statute. He appeals from that judgment, and we cannot affirm it.

Although the indictment does not specify *the* circuit court which pronounced the first conviction, yet I do not consider that omission a radical defect, available on demurrer; nor, in any other respect, do I see any substantial objection to the indictment.

But it seems to me that the court below erred in admitting, as sufficient proof of the first conviction, a copy of the judgment only. On an issue of former conviction or acquittal, the whole record of the former trial is indispensable, partly because that alone is competent to prove the alleged identity. But, while that reason may not apply to this case, I am of the opinion that the entire record is equally necessary here.

Unless the appellant was lawfully confined, his escape was not criminal. He could not have been lawfully confined unless he was convicted on an indictment charging a *felony*, and *the same* is felony for which he was sentenced—nor unless the court had jurisdiction—nor unless the verdict of guilty was found and returned by a competent number of jurors— nor unless the accused appeared to answer the indictment. And, in my opinion, the judgment alone, even aided by all presumptions allowable in a criminal case in which *indubitable proof* of guilt is devolved on the Commonwealth, does not sufficiently establish any one of these indispensable facts— without each and all of which, the judgment was not merely erroneous, but void, and, consequently, the prisoner's escape was rightful and not " unlawful," as necessarily charged, and as necessarily to be proved beyond a rational doubt.

VOL. II—16

The fact that the Legislature made the simple judgment sufficient authority for the reception into the penitentiary of *every* convict by the keeper who, as a ministerial officer, should not presume to question any judgment, is no proof, in my opinion, that *every* such judgment should be held, by every or any *court*, proof that its sentence was lawful and conclusive, *per se*, and that the convict is bound to submit to it until reversed. And, if it be void, the prisoner, so unlawfully imprisoned, has the right to relieve himself, if he can, by his own act of escape, which would then be rightfully, and not "*unlawfully*," escaping from an unlawful prolongation of an unlawful incarceration, oppressively inflicted on, perhaps, a friendless and destitute citizen, only because the production of a complete record of one judgment might have slightly increased the trouble of a prosecuting attorney.